**Jaime Ricardo MONTOYA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–72847.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 14, 2013.

Judith L. Wood, Esquire, Law Offices of Judith L. Wood & Jesse A. Moorman, Los Angeles, CA, for Petitioner.

Laura Halliday Hickein, Franklin M. Johnson, Jr., Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Jaime Ricardo Montoya, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand and dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a motion to reopen and a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005). We deny the petition for review.

Contrary to Montoya's contention, the BIA incorporated only that portion of the IJ's decision finding Montoya failed to establish changed circumstances in Guatemala to qualify for the regulatory exception to the time limitation for filing a motion to reopen. Our review is therefore limited to that portion of the IJ's decision. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). The agency did not abuse its discretion in denying Montoya's untimely motion to reopen because Montoya did not demonstrate that the evidence he submitted with his motion was material, new, and previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1) (evidence offered with a motion to reopen must have been unavailable and unable to have been discovered or presented at the former hearing); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir.2010) (petitioner's evidence lacked requisite materiality).

Further, the BIA did not abuse its discretion in denying Montoya's motion to remand because Montoya did not demonstrate the evidence he submitted was previously unavailable and could not have been discovered. *See Matter of Grijalva*, 21 I. & N. Dec. 27, 36 (BIA 1995) (the BIA will not remand to the IJ for consideration of evidence submitted on appeal that was available and could have been presented along with a motion to reopen filed with the IJ).

In light of our disposition, we do not address Montoya's remaining arguments.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.